SQUIRE, SANDERS & DEMPSEY L.L.P.
Mark C. Goodman (State Bar No. 154692)
David A. Gabianelli (State Bar No. 158170)
Julie E. Schwartz (State Bar No. 260624)
One Maritime Plaza, Suite 300
San Francisco, CA  94111
Telephone:  +1.415.954.0200
Facsimile:   +1.415.393.9887
Email:        mgoodman@ssd.com
Email:        dgabianelli@ssd.com
Email:        jeschwartz@ssd.com

Attorneys for Defendants
BAYER CORPORATION,
BAYER HEALTHCARE LLC,
BAYER HEALTHCARE PHARMACEUTICALS INC.,
and MCKESSON CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRITTANY ARMAND, an individual,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>MCKESSON CORPORATION; BAYER CORPORATION; BAYER HEALTHCARE LLC; BAYER PHARMACEUTICALS CORPORATION; BAYER HEALTHCARE PHARMACEUTICALS INC., BERLEX LABORATORIES, INC., BERLEX, INC.; BAYER SCHERING PHARMA AG; BAYER AG; and DOES 1-10, inclusive,<br><br>　　　　　Defendants. | Case No. CV 09-05905 JL<br><br>**STIPULATION AND [PROPOSED] ORDER FOR STAY OF PROCEEDINGS** |

1  WHEREAS, on October 1, 2009, the Judicial Panel on Multidistrict Litigation ("JPML")
2  ordered the transfer of thirty-two marketing, sales practices, and products liability actions
3  involving Yasmin® and YAZ® to MDL-2100, titled *In re Yasmin and YAZ (Drospirenone)*
4  *Marketing, Sales Practices and Products Liability Litigation*, in the United States District Court
5  for the Southern District of Illinois - see Exhibit A hereto;

6  WHEREAS, the parties agree that this action is a tag-along action subject to transfer to the
7  MDL;

8  WHEREAS, the requested stay will serve the interests of judicial economy and fairness to
9  the parties, and will avoid wasting this Court's resources, because the MDL court will soon
10 address common pretrial issues in these related Yasmin®/YAZ® actions;

11 NOW, THEREFORE, the parties, through their respective counsel of record, agree and
12 stipulate as follows:

13 All proceedings, including but not limited to any date to respond to the complaint, any
14 case management deadlines, any Rule 26 disclosure obligations and all other dates and deadlines
15 are hereby **STAYED** pending transfer to the MDL proceeding that has been established in the
16 United States District Court for the Southern District of Illinois and all pending dates and
17 deadlines are **VACATED**.

18 IT IS SO STIPULATED.
19
20 Dated: January 4, 2010

21 ROBINSON, CALCAGNIE & ROBINSON        SQUIRE, SANDERS & DEMPSEY L.L.P.

        [signature]                              [signature]
                                                 Julie E. Schwartz

        Karen L. Karavatos                       Attorneys for Defendants
        Attorneys for Plaintiff                  BAYER CORPORATION,
        BRITTANY ARMAND                          BAYER HEALTHCARE LLC,
                                                 BAYER HEALTHCARE
                                                 PHARMACEUTICALS INC., and
                                                 MCKESSON CORPORATION

1  **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

2

3  DATED: January 11, 2010

                                                   *[Signature]*

4                                           HONORABLE JAMES LARSON
                                         United States Magistrate Judge

# EXHIBIT A

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Oct 01, 2009

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: YASMIN AND YAZ (DROSPIRENONE)
MARKETING, SALES PRACTICES AND PRODUCTS
LIABILITY LITIGATION MDL No. 2100

TRANSFER ORDER

**Before the entire Panel**[*]: Plaintiffs in 24 actions and three related actions move, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of the 32 actions listed on Schedule A in the Northern District of Ohio. The plaintiffs' motion encompasses fourteen actions in the Northern District of Ohio, six actions in the Eastern District of Pennsylvania, five actions in the Northern District of California, two actions in the Southern District of Ohio, and one action each in the Eastern District of California, Northern District of Georgia, Eastern District of New York, District of Puerto Rico and the Eastern District of Wisconsin.[1]

Plaintiffs in the Eastern District of California action (*Brownfield*) oppose the motion as it relates to their action and argue for exclusion of their action from any centralized proceedings. Although moving plaintiffs included the *Brownfield* action on their motion, they agree to the exclusion of this action from any centralized proceedings. Defendants Bayer Corp., Bayer HealthCare Pharmaceuticals Inc., on its own behalf and as successor by merger to Bayer Pharmaceuticals Corp.,[2] and Bayer HealthCare LLC (collectively Bayer) support centralization of all actions, including the *Brownfield* action, in the Northern District of Ohio.

All other responding plaintiffs support centralization but disagree upon the appropriate transferee district. These responding plaintiffs variously support centralization in the District of

---

[*] Judge Heyburn took no part in the decision of this matter.

[1] The parties have notified the Panel of 60 related actions pending in various federal districts. These actions and any other related actions are potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

[2] Bayer HealthCare Pharmaceuticals Inc. was formerly known as Berlex, Inc., which was formerly known as Berlex Laboratories, Inc.

- 2 -

Colorado, Southern District of Illinois, Eastern District of New York, Northern District of Ohio, Eastern District of Pennsylvania, or the Eastern District of Texas.

On the basis of the papers filed and hearing session held, we find that these 32 actions involve common questions of fact, and that centralization under Section 1407 in the Southern District of Illinois will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions share factual questions relating to at least one of the drospirenone-containing oral contraceptives Yaz and Yasmin, which are manufactured by Bayer. Plaintiffs in the products liability actions challenge the safety of those oral contraceptives and bring claims for personal injuries or wrongful death stemming from use of the drugs. Plaintiffs in the *Brownfield* action bring claims arising from the advertising of Yaz on behalf of a putative nationwide class of purchasers of Yaz. Centralization under Section 1407 will eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

Plaintiffs in the *Brownfield* action argue that their action does not share questions of fact with the other actions and accordingly to exclude it from MDL No. 2100. For the following reasons, we respectfully disagree with this argument. Plaintiffs in all actions seek to hold Bayer responsible for harm allegedly arising out of the purchase and use of the oral contraceptives Yaz and/or Yasmin. Like the plaintiffs in the *Brownfield* action, plaintiffs in several products liability actions also allege economic injury and violation of consumer protection statutes. Similarly, complaints in the products liability actions reference the television advertisements at issue in the *Brownfield* action. Moreover, the Panel has frequently combined actions involving claims relating to sales and marketing of medications with actions involving personal injury claims from use of the same pharmaceutical products.[3] Transfer under Section 1407 will offer the benefit of placing all actions in this docket before a single judge who can structure pretrial proceedings to consider all parties' legitimate discovery needs while ensuring that common parties and witnesses are not subjected to discovery demands that duplicate activity that will occur or has already occurred in other actions.

Distinctions among the actions may lead to certain actions or claims therein becoming ready for remand in advance of other claims or actions, after further refinement of the issues and close scrutiny by the transferee judge. But we are unwilling, on the basis of the record before us, to make a determination that any claims warrant exclusion from Section 1407 proceedings at the outset. Whenever the transferee judge deems remand of any claims or actions appropriate, procedures are available to accomplish this with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38.

We are persuaded that the Southern District of Illinois is an appropriate forum for this docket. Centralization in this district, where related actions are already pending, permits the Panel to effect the Section 1407 assignment to an experienced transferee judge who is not currently presiding over another

---

[3] *See, e.g., In re Vytorin/Zetia Marketing, Sales Practices and Products Liability Litigation*, 543 F.Supp.2d 1378 (J.P.M.L. 2008); *In re Avandia Marketing, Sales Practices and Products Liability Litigation.*, 528 F.Supp.2d 1339 (J.P.M.L. 2007).

-3-

multidistrict litigation docket and who has a caseload favorable to accepting this assignment. This district also provides a geographically central forum for this nationwide litigation in which actions are pending in various districts across the country.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A are transferred to the Southern District of Illinois and, with the consent of that court, assigned to the Honorable David R. Herndon for coordinated or consolidated pretrial proceedings in that district.

PANEL ON MULTIDISTRICT LITIGATION

_____
Robert L. Miller, Jr.
Acting Chairman

John G. Heyburn II, Chairman[*]    Kathryn H. Vratil
David R. Hansen                    W. Royal Furgeson, Jr.
Frank C. Damrell, Jr.

IN RE: YASMIN AND YAZ (DROSPIRENONE)
MARKETING, SALES PRACTICES AND PRODUCTS
LIABILITY LITIGATION                                    MDL No. 2100

### SCHEDULE A

Eastern District of California

Nichole Brownfield, et al. v. Bayer Corp., et al., C.A. No. 2:09-444

Northern District of California

Bridget Renee Tanner, et al. v. Bayer Corp., et al., C.A. No. 4:09-1558
Stephanie D. Ivey v. Bayer Corp., et al., C.A. No. 4:09-1904
Dawn Voss v. Bayer Corp., et al., C.A. No. 4:09-1905
Tamera Jirbi v. Bayer Corp., et al., C.A. No. 4:09-2416
Bieanca White v. Bayer Corp., et al., C.A. No. 4:09-2417

Northern District of Georgia

James Parivechio, III, et al. v. Bayer Corp., et al., C.A. No. 3:09-81

Eastern District of New York

Debra Casali v. Bayer Corp., et al., C.A. No. 2:09-686

Northern District of Ohio

Marlene Meadows v. Bayer Corp., et al., C.A. No. 1:09-1574
Anne Marie Eakins, et al. v. Bayer Corp., et al., C.A. No. 1:09-1579
Lauren L. Murphy v. Bayer Corp., et al., C.A. No. 1:09-1582
Marie Claire Keultjes v. Bayer Corp., et al., C.A. No. 1:09-1659
Candace L. Fries, etc. v. Bayer Corp., et al., C.A. No. 3:09-1085
Angela Beck, et al. v. Bayer Corp., et al., C.A. No. 3:09-1207
Bridget Shafer, et al. v. Bayer Corp., et al., C.A. No. 3:09-1315
Gail Brinker, et al. v. Bayer Corp., et al., C.A. No. 3:09-1682
Carla Leigh Brazzel v. Bayer Corp., et al., C.A. No. 3:09-1684
Kathy Johns, et al. v. Bayer Corp., et al., C.A. No. 3:09-1685
Brenda Ellyson v. Bayer Corp., et al., C.A. No. 3:09-1687
Saretta Main, et al. v. Bayer Corp., et al., C.A. No. 3:09-1688
Patti Bradish, et al. v. Bayer Corp., et al., C.A. No. 3:09-1689
Lauren Cathis v. Bayer Corp., et al., C.A. No. 3:09-1690

- A2 -

<u>Southern District of Ohio</u>

Heather Riley v. Bayer Corp., et al., C.A. No. 1:09-387
Valerie Kozak, et al. v. Bayer Corp., et al., C.A. No. 3:09-281

<u>Eastern District of Pennsylvania</u>

Alyssa S. Britten v. Bayer Pharmaceuticals Corp., et al., C.A. No. 2:09-2086
Adine Gauthreaux, et al. v. Bayer Corp., et al., C.A. No. 2:09-2238
LaKollier R. Cleveland v. Bayer Corp., et al., C.A. No. 2:09-2740
Danielle C. Hayat, et al. v. Bayer Corp., et al., C.A. No. 2:09-2753
Deborah Kay Lane-Christian, et al. v. Bayer Corp., et al., C.A. No. 2:09-3114
Silvia F. Galvan, et al. v. Bayer Corp., et al., C.A. No. 5:09-2739

<u>District of Puerto Rico</u>

Maria Isabel Pujals-Torregrosa v. Berlex, Inc., et al., C.A. No. 3:07-1271

<u>Eastern District of Wisconsin</u>

Marie Becker v. Bayer Corp., et al., C.A. No. 1:09-663